UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DUSTIN GRAHAM GILBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:22-cv-00348-JAW |
| | ) | |
| ST. MARY'S REGIONAL MEDICAL CENTER, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint and an application to proceed without prepayment of fees, which application the Court granted.[1] (Complaint, ECF No. 1; Application, ECF No. 2; Order, ECF No. 4.) Because the Court granted Plaintiff leave to proceed without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

**LEGAL STANDARD**

The governing statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the

---

[1] Plaintiff subsequently filed amendments to the complaint. (ECF Nos. 8, 11, 12, 13.)

case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

### FACTUAL BACKGROUND

Plaintiff alleges that after he presented to the Emergency Department of Defendant St. Mary's Regional Medical Center for an issue with his left foot, he was confined to the hospital for an extended period against his will. He contends the confinement violated

various amendments to the United States Constitution.

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). For the matter to proceed in this Court, Plaintiff's claim must present either a federal question, 28 U.S.C. § 1331, or a matter in controversy that exceeds the value of $75,000 between persons domiciled in different states, 28 U.S.C. § 1332.

Pursuant to § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. By alleging that Defendant's conduct violated the United States Constitution, Plaintiff evidently seeks to invoke the Court's federal question jurisdiction. The Court's jurisdiction over any possible federal claim based on a constitutional deprivation would be governed by 42 U.S.C. § 1983. Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ....

As the plain language of § 1983 reflects, a claim for the deprivation of a constitutional right must be based on the conduct of a state actor. *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4 (1st Cir. 2005).

Plaintiff has not alleged any facts that would support a finding that Defendant is a governmental agency. Furthermore, even if Plaintiff's complaint could be construed to allege that he was confined as the result of state involuntary commitment proceedings, Defendant would not be considered a state actor. The First Circuit has held in similar cases that private hospitals and medical staff who participate in involuntary commitment proceedings are not thereby transformed into state actors. *Estades-Negroni*, 412 F.3d at 4 (affirming dismissal of constitutional claim arising from the plaintiff's involuntary commitment pursuant to Puerto Rico law); *Rockwell v. Cape Cod Hosp.,* 26 F.3d 254, 261 (1st Cir. 1994) (affirming dismissal of claim arising from the plaintiff's involuntary commitment pursuant to Massachusetts law). Consistent with circuit authority, this Court has found that Maine's involuntary commitment statute and procedures do not have characteristics that would support a finding that private care providers who participate in the Maine involuntary commitment proceedings are state actors. *Palm v. Sisters of Charity Health Sys.*, No. 1:07-cv-00120-JAW, 2008 WL 2229764 (D. Me. May 28, 2008), *report and recommendation adopted,* 2008 WL 2593759 (D. Me. June 30, 2008) (dismissing complaint for failure to state a claim).

Because Defendant is not a state actor, Plaintiff cannot proceed on a claim based on the alleged constitutional violations. Plaintiff, therefore, has not alleged a claim within this

Court's subject matter jurisdiction.[2]  Accordingly, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint, as amended, pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of January, 2023.

---

[2] To the extent Plaintiff has alleged a state law claim, Plaintiff's claim would not be within the Court's diversity jurisdiction. For a court to exercise diversity jurisdiction, there must be "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008).  Here, Plaintiff has provided the Court with two Maine addresses for him ECF Nos. 1-1, 9) and has joined a Maine hospital as the only defendant.  Plaintiff, therefore, has not demonstrated the complete diversity necessary to invoke the Court's diversity jurisdiction.